**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4728-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GERALD H. HINES,

    Defendant-Appellant.

_____

Submitted January 29, 2020 – Decided February 7, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-03-0573.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Nancy Philion Scharff, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A Camden County grand jury returned an indictment charging defendant Gerald H. Hines with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count two); third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count three); and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b)(1) (count four). On the first day of trial, Judge Kathleen M. Delaney granted the State's motion to dismiss the CDS charge.

Following a bifurcated trial, the jury convicted defendant of both weapons offenses, but acquitted him on the receiving stolen property charge. After she denied defendant's pro se motion for a new trial, Judge Delaney sentenced defendant to concurrent ten-year terms on the two weapons offenses, subject to a five-year period of parole ineligibility. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

THE COURT FAILED TO PROPERLY APPLY THE STATE V. CARTER STANDARD IN DENYING THE MOTION FOR A NEW TRIAL.

POINT II

RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT FAILED TO FIND MITIGATING

2

[FACTOR] SEVEN, THAT THE DEFENDANT HAD LED A LAW-ABIDING LIFE FOR A SUBSTANTIAL PERIOD OF TIME BEFORE THE COMMISSION OF THE PRESENT OFFENSE.

After reviewing the record in light of these contentions, we conclude that defendant's arguments lack merit. Accordingly, we affirm defendant's convictions and sentence.

## I.

The salient facts of this matter may be briefly stated. On December 12, 2016, Trooper Moses Martinez pulled over defendant's pickup truck after he clocked it on radar traveling at eighty miles per hour. The trooper spoke to defendant through the passenger side window of the truck and requested his credentials. As he did so, the trooper detected the odor of burnt marijuana inside the truck. The trooper asked defendant to participate in a field sobriety test, but he declined to do so.

Trooper Martinez arrested defendant, frisked him for weapons, and placed him in the back of his patrol car. By that time, Trooper Michael Scott had arrived at the scene, and he escorted the passenger in defendant's car to his patrol car.

Trooper Martinez then searched defendant's truck, beginning on the passenger side. He found a burnt marijuana cigarette and some raw marijuana.

The trooper then moved to the other side of the truck and immediately after opening the driver's door, he saw a holstered handgun inside the open side pocket of the door.[1] Defendant had purchased the truck one week earlier from a used car dealer. The dealer's general manager testified that the vehicles it sells are fully cleaned and detailed before a sale is finalized and, therefore, it would be "very unlikely" that a car or truck would still contain property belonging to the former owner when it left the dealership. Defendant testified on his own behalf. He admitted he was speeding when the trooper pulled him over, and that he had smoked marijuana in the truck earlier in the day. He denied he owned the gun and claimed that it must have been left in the open door pocket by the prior owner. Defendant conceded he drove the truck throughout the week he had it, but alleged he never discovered the gun that was in plain view in the door pocket.

II.

In Point I of his brief, defendant alleges that the trial court gave short shrift to his pro se motion for a new trial and denied it merely because the court determined it would be better presented as a petition for post-conviction relief.

---

[1] A subsequent investigation revealed that the handgun had been stolen from a home in Newport News, Virginia approximately two years earlier.

A-4728-17T3

Therefore, defendant claims the court failed to consider his motion on the merits. However, defendant's arguments lack any factual support in the record.

Prior to trial, defendant's attorney asked the State to produce any body cam videos taken by the troopers during the vehicle stop. The troopers were not able to turn over these videos because they did not believe their body cams were functioning that evening. However, in preparing their testimony the night before trial, the troopers found the footage on a server and alerted the prosecutor of this discovery. On the day of the trial, and prior to any testimony, the prosecutor notified defendant's attorney that the videos had been found. The prosecutor told him the State would not introduce the videos in evidence even though they confirmed the troopers' account concerning the search of defendant's car, and stated she would agree to an adjournment of the trial to enable the attorney to review the videos if he wanted to use them.

Defense counsel met with defendant at counsel table and advised him of their options. The defense determined to proceed with the trial. When the attorneys explained the situation to Judge Delaney later that day, defense counsel stated that the prosecutor had been "more than candid with" him, and he conceded that the tapes were "incriminating" to defendant. After the jury returned its verdict, defendant filed a pro se motion for a new trial. Although

defendant has not provided us with a copy of his motion papers, it is clear from his statements at the motion hearing that his primary complaint was that his attorney ignored his request to introduce the body cam videos into evidence. However, as defense counsel again explained, the footage confirmed the testimony of both troopers that Trooper Martinez discovered the handgun in the open side pocket within seconds of opening the driver's door.[2]   Therefore, defense counsel decided not to introduce this damaging evidence at trial.

Thus, it was clear from defendant's pro se arguments that he was basing his motion on a claim that his attorney provided him with ineffective assistance by declining his alleged request to let the jury review the videos.  Accordingly, Judge Delaney aptly, and correctly, noted that "[e]ssentially what is argued by . . . defendant in this motion for a new trial is what I would term to be more the subject of a different kind of a petition such as a petition for post-conviction relief."

However, contrary to defendant's unsupported assertion in this appeal, Judge Delaney went on to fully consider defendant's motion based on his assertion that the body cam videos were "newly discovered evidence" and

---

[2]  Indeed, defense counsel stated the videos showed Trooper Martinez seizing the gun less then two seconds after opening the door.

A-4728-17T3

warranted a new trial. As the judge noted, to secure a new trial based on newly discovered evidence, a

> defendant must show that the evidence is 1) material, and not "merely" cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was "not discoverable by reasonable diligence beforehand"; and 3) that the evidence "would probably change the jury's verdict if a new trial were granted."
>
> [State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

All three prongs must be established. Ibid.

In applying this three-part test, Judge Delaney found that defendant learned of the existence of the body cam videos on the first day of the trial. Indeed, no testimony had been taken when the prosecutor provided this discovery to defendant. Thus, prong two of the test was obviously not met. Just as importantly, defense counsel determined that the footage completely contradicted defendant's claims that the troopers did not immediately discover the handgun upon opening the driver's side door.

In considering defendant's motion, Judge Delaney also viewed the videos and confirmed they corroborated the troopers' account of the seizure of the weapon. Therefore, defendant also failed to satisfy prong three of the Carter

test. Under these circumstances, Judge Delaney denied defendant's motion for a new trial based on newly discovered evidence.

Whether to grant a motion for a new trial based upon newly discovered evidence rests within the trial judge's sound discretion. State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000). We detect no abuse of discretion here. Contrary to defendant's baseless claim, Judge Delaney fully considered defendant's motion and correctly denied it.

### III.

In Point II of his brief, defendant asserts that his sentence was excessive. We disagree.

Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied Judge Delaney made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, and applied the correct sentencing guidelines enunciated in the Code. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4728-17T3